Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Defender's Office for Mr. Barrera, and I'm going to do my best to reserve two minutes for rebuttal if I can. I'd like to start by addressing the issue that the Court raised in its order last week, which was the relationship between Penn Holster and Gonzales v. Wong in today's case. Penn Holster comes out of a situation where the California Supreme Court had made an adjudication on the merits, and Gonzales v. Wong also comes out of that context. So because the California Supreme Court had adjudicated those cases on the merits, in federal court, 28 U.S.C. 2254d became applicable. In this case, there has not been an adjudication on the merits by the California Supreme Court, so my position is that 2254d doesn't apply to this case, and therefore, Penn Holster and Gonzales v. Wong do not control this case. Let me make sure I understand what you mean, then, as a practical matter. Are you arguing, then, that if we hold that Claim 2 in the district court is exhausted, that the district court can receive the affidavit from the alibi witness, assuming such an affidavit is forthcoming, and can consider that affidavit without ever getting the view of the State court as to what the significance of that affidavit is? Is that what you're saying? I believe so. Of course, 2254e might come into play, but I don't think 2254d precludes that. There's the diligence, and I don't think there will be a problem showing diligence in this case, but for 2254e, if we get to that stage. But, yes, we're saying all three claims were exhausted. They were not adjudicated on the merits. And so pursuant to 2254e, the court, the district court can consider evidence, new evidence that wasn't introduced in State court. Okay. Now, if we get to the point where that evidence created a whole new claim, we'd be in a different context. I think it's going to be confined to the claims that are already presented. Okay. I got the position. I'd like to next address the issue of exhaustion, and I covered this in my briefs, but I'll just go over the fact that this is a question of Federal law. Federal standards say that the Petitioner must lay out their facts and their legal theory, make clear what Federal constitutional principle they're standing on. And as I read this petition that was filed with the California Supreme Court, Mr. Barrera did that. So our position is that all three claims have been exhausted. If the court were not to agree with that, then I think he was entitled to the stay in abeyance. The district court's treatment of that was a little odd because it did seem to recognize he asked for it and he makes a pretty clear request for it. And then there's just no analysis before the order. Since there was a request for that, and then ultimately he basically issues the denial, whether he didn't implicitly in effect also deny this. That's my position, is that it was a denial. So we would need to send it back to clarify that point. I don't think so. I think it was a denial. So you just think it's an abuse of discretion not to grant stay in abeyance? Yes. I mean, my first position is that it was exhausted, so there was no need. But it was an abuse of discretion under either Rhines or Kelly not to grant that request. The question I have is, of course, whether it's exhausted. It seems like the State court was giving him a blueprint of what he needed to do in State  I don't know whether you think that's appropriate or not in terms of what he needed to do, but he didn't do any of that. So it would help me if you would explain the consequences of that. Sure. Well, you know, it's interesting. When he filed his petition before the California Court of Appeal for the Fifth DCA, he was pro se indigent in prison. And I think he pretty clearly stated what he was alleging were his facts and what was his legal theory. Now, the California Court of Appeal did not do what courts in California do when they say you've stated enough facts, you have a claim I'm going to issue an order to show cause. We'll get into discovery and evidence and weighing of evidence. They basically, they sent this order, and I hesitate to say a lot about it because it's not in the record below, but they asked this attorney to make a declaration. Whatever she said goes to evidence, but I don't think it goes to clarifying the claims. He then, you know, the California Court of Appeal. I'm trying to find that. It's not in the record. I know it's referenced, but you don't have it either, I take it. You know, Your Honor, I'll be frank, and I have obtained it myself, but it's not in the district court record. Right. I understand that. Before the district court. It goes to the merits, but I don't think it clarifies the claims at all. And so, you know, he, I don't think there's much he could have said in response that would make his claim more clear. In the California Supreme Court, he attaches the court of appeals decision denying on that ground. He still asserts the same claims. She should have called this alibi witness. She didn't do it. I think that's a clear claim, and I think that's a Federal question of whether it's a clear I think it's clear enough in the sense of what he was trying to do. But there's a bit of a twist to it, and that is that State court seems to have said, okay, we'll consider this if you bring in the affidavit from the alibi witness, and he never does so. Why is that not a failure to exhaust? That is to say, he's told what he needs to do to present the claim, and he doesn't say, I can't get the affidavit because I'm incarcerated or whatever. I need funds. He just doesn't do it. He's, yeah, he's not. Why is that not a failure to exhaust? Well, again, I think exhaustion doesn't require that of a pro se indigent prisoner. I think that, you know, those issues, if we get into procedural default later in the litigation, I might have to deal with that. But I think for exhaustion, he has to say, these are my claims. I don't know why he couldn't get that declaration, and he wasn't articulate about why he couldn't get it, but the Federal courts have never said that to exhaust you before you get to any evidentiary stage in your State litigation, any right to counsel in your State litigation, you have to somehow go out and get new affidavits. Yeah. I'm puzzled as to what to do with this claim, too, again, the alibi witness claim, because the report of the investigator reporting what this witness said is not exculpatory, because if I read that and if it's carefully phrased, what it says is he arrived at such and such a time. It doesn't say he was present during such and such a time. It's to say it's entirely possible that he arrived in the time frame specified and that he also committed the crime. So maybe I understand why there's no affidavit forthcoming. Well, I kind of read it as, you know, a little weird about the use of 6 and 7. Maybe it was 627. Clearly, this has to go forward on the merits, and I'm not saying I know what's going to happen, but I think it has to go forward on the merits in district court, and we have to get that and put it in. Okay. You want to reserve? Thank you. Thank you. Good morning, Your Honors. David Andrew Aldrich, Deputy Attorney General for Respondent. Could you move the mic up just a little closer to you? There you go. Thank you. Is this clear? Yes. To the extent that the claim, I'm really confining my argument to Claim 2 because Claim 1 is exhausted and I think Claim 3 is more readily dealt with on the merits. Can you keep your voice up to Claim 3? I think you either said or are about to say you concede that Claim 3 is exhausted.  It is difficult to see why it's not exhausted. I didn't hear you. I'm sorry. It is difficult to see why it's not exhausted. That's not quite a concession, but I guess as close as you want to get. Then we'll go to Claim 2. Fair presentation in State court requires that it be under circumstances which normally would allow the State court to reach the merits under the State's rules. There would be an issue, I suppose, if the State's rules were so onerous or unreasonable that you couldn't do that. But after some showing that the State court's rules meet that standard, you haven't exhausted a claim if you simply presented it to State courts in some way you would like to, but it's not consistent with the State rules. Here, one way or another, for any court to reach the merits of this claim, they would need testimony or declaration from Juanita Flores. So to the extent that they would ever try to show that in Federal court, then you have a claim that's not going to match substantially what was done in State court. So whether or not you say the State court didn't reach the merits of the claim that would be presented if we had the declaration by Juanita Flores, which ultimately has to be what they tried to present in Federal court, or that the State court did decide the claim that was presented, i.e., a claim that is deficient for failure to present the declaration by Juanita Flores, you end up with the same result. In the attempt to present the claim in Federal court with it, with the declaration, results in an unexhausted claim. So it is we're in a situation where the case law on exhaustion prior to AEDPA arose largely from the fact that prior to AEDPA, Federal courts decided the Federal constitutional issues de novo. With AEDPA, that changed. The understanding of exhaustion wasn't so closely tied to precisely what was said in State court because, frankly, you just didn't have 2254d-1 and 2 confining the Federal court's analysis and there was a rather lax understanding of what exhaustion was required. With 2254d, and actually I think the Federal courts, it was a matter of their jurisprudence whether or not they even required exhaustion. Exhaustion is now codified. Federal courts have no license to waive it. It's a statutory requirement. Unless the State expressly waives it through counsel, it's stuck. Given the codification of exhaustion and given that Congress has also enacted these confining measures under d-1 and d-2, you have to read exhaustion with the meaning of d-1 and d-2, i.e., if the Federal court, if their job is to look at the State court evaluation based on the allegations made in State court, based on the law existed at the time of State court, then you must confine the exhaustion analysis to what was made in State court. If you come to Federal court with new things, anything really that's material, then you have an unexhausted claim. So here, this claim, the claim that was made in State court that Juanita Flores, that a claim without Juanita Flores's declaration is not the claim that they are trying to, they will ultimately try to be pursuing in Federal court, one with that declaration. So the claim that was presented, I think it's in some sense fair to say the State court did address that on the merits and found it deficient for failure to supply that. But even if you look at it as unexhausted because they know this is exactly what the claim, the claim you're trying to present is one that will require her declaration and we're simply not going to foreclose you from coming back if you do come back with a declaration, then you can say the claim you tried to present is unexhausted. Now, does that mean you have a different answer to the pinholster Gonzales question? That is to say, I heard you say one way of looking at this case is that it's been exhausted in State court, it's been decided on the merits in the State court in the absence of the affidavit from the supposed alibi witness and therefore we got a decision on the merits from the State court, which means that if they were now getting new evidence that sought to be presented, it's exhausted, but the district court can't look at that new evidence and decide the claim. It has to allow some procedure by which the State court can see that evidence, which takes us to Gonzales v. Wong. Well, I agree with you up to the point where we reach Gonzales v. Wong. Okay. And Gonzales was an application of rights. Gonzales is premised on the fact that there was good cause for failure to present evidence in State court. Gonzales, without – it's not necessarily a debate whether or not they were right in finding a cause, but there was good cause. Gonzales also, however, didn't deal with the statute of limitations, and that's a problem here. The statute of limitations, if you try to go back to State court? Yes. There is no statute of limitations. The State court might decide that it's untimely, but there is no statute of limitations. Well, to proceed – okay. I mean, I need to be clear because the question would be how they try to go back, whether under King's or Rines. If under King, there's a fatal problem because it's untimely. It would have to be removed from the petition, and then it's untimely. The time period is long past. Untimely where? In Federal court. Federal court. Okay. Under Rines. Unless you do stay in abeyance. Well, except under a no good cause stay in abeyance, which we've opposed as even in theory, the claim would have to be removed from the petition anyway. And then it becomes untimely when they try to amend it back in. Only under Rines can you keep it in, Your Honor. And so if the claim is good cause is shown under Rines, we debate that because, again, there's simply no showing whatsoever as to why the petitioner couldn't have presented to the State court the declaration by Juanita Flores. It's possible he just doesn't have it. It's possible that he's just speculating. We don't know, but good cause is their burden, and it hasn't been shown. Either he is just speculating and, therefore, there's no good cause to do anything because nothing should be remanded or held just because someone wants to speculate. That evidence might be helpful. If he did have that, why do we not know about it? Can I just play out with you where these claims go? So assuming one and three are exhausted, and then you said two is either exhausted because the State court treated it on its merits and denied it, or it's unexhausted because he didn't meet all the criteria the State court laid out. If I may, just to be clear, it is important to conceptualize what we mean by claim, which has changed because of that. The claim that was presented, i.e., a claim that does not have Juanita Flores' declaration, in my view, they rejected it. They found that does not merit relief. The claim that you can sort of tell he means to try to present is the one that does have her declaration, and they didn't rule on what that was because they don't have the declaration in front of them. That, to me, doesn't seem like the definition of a claim as we perceive it. When we see, do you have the same claim or a different claim? Maybe you don't have any evidence for your claim, but it's the same claim, is it not? The claim is that I have this alibi witness. The real problem with that is the law that has developed what claim means, Your Honor, is largely pre-AEDPA, and AEDPA necessarily has changed the meaning of what a claim means because of how AEDPA constrains the Federal court to adjudicate the claim. If the claim is exhausted, then do you say that claim 2 is exhausted as brought in Federal court or no? The claim as it currently is presented, a claim that does not rely on a declaration by Juanita Flores, has been decided by the State court as being unworthy of relief. That, to me, is a merits adjudication on what was actually presented. Okay. So if that's the case, at least under your conception of claim 2, then claims 1, 2, and 3 are exhausted with your caveat of how you define claim 2, and so off it goes to Federal court for determination, correct? Yes. But to be clear, in swing, California has made clear we do not rule on the merits of the claim he's tried to present. They do end up reaching what he has presented by finding whatever he presented is unworthy of relief, but they do make clear we're not ruling on what you tried to present because we suspect you're trying to present something else, and we're not prejudging that. That's a different question. Okay. So in other words, if you figure out – if we take you at your word, then basically the district court should be going off and deciding this habeas petition on three exhausted claims, correct? Yes. Okay. And then when you get back to Federal district court, then you would argue over is it the same claim or is it a different claim, and is there a possibility that there's some newly discovered evidence or, you know, all the other things. And so all that would be for the district court to figure out, right? Yes. I – I would say that claim one and three, it seems pointless to send them back to the district court because they're plainly meritless. But as to claim two, yes, I think I agree with you, Your Honor. Why is it pointless to send claim three back to the district court? Claim two is an argument that acquittal first – that you're not entitled – sorry. The prosecution is not entitled to have a jury instructed that they must acquit someone. No, I understand that. But the district court didn't decide claim three, did it? It did not. It was. So why is it pointless for us to send it back to the district court to decide the claim that you now concede or pretty much conceded is exhausted? For the reasons stated in the brief, it's plainly meritless, Your Honor. I see. You think it's so obvious that we don't need to let the district court decide the question first? That is not at this Court's discretion. In my view, it's plainly meritless. Okay. Thank you, Your Honor. Thank you. Thank you. I just have a short time remaining. In my view, that this is a – the California Supreme Court's decision was not a decision on the merits, and so I would reiterate that 2254d is not applicable. And I also would resist the argument of the government in this case that exhaustion and 2254d are one and the same. I think exhaustion has its own body of law, and it's pretty clear that you do have to say what your facts are, say what your law is, tie it to the Federal Constitution pretty specifically, which I think he did, and that that's a separate question from 2254d. If we were going to look at this as – But what are we supposed to do with all this? If one and three are exhausted, you're saying two is not exhausted because they didn't rule on it. You're saying two is not exhausted, or are you saying it's exhausted? I'm saying it's exhausted, and I would look at the merits. But not with the merits ruling. Correct. Well, yes, and I rely on Kim v. Villalobos and the many decisions applying that, where although the California Supreme Court cited Swain and Duvall, this Court, the Federal Court, looks at its own exhaustion requirements and weighs the petition in front of the California Supreme Court against those requirements and makes a decision about whether it's fulfilled the exhaustion requirement. If this were even to get into the 2254d world at this stage, I think you would have to look at the fact that if the Court made a merits decision, which I don't think it did, but if it did, then it gave him no process. He couldn't confront and cross-examine his attorney. He couldn't do any discovery. That would be a different claim. Claim two, I'm saying. If we were going to even begin to say that it was a merits decision, then I think it was an unreasonable determination. I think the process he was given in State court was wholly deficient. But I don't think it was a merits decision. Okay. All right. Thank you. Thank you for your argument. The case, Mr. Herb, will be submitted for decision.
judges: Thomas, McKeown, Fletcher